# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KEVIN WALCOTT, | CASE NO. 1:12CR575 |
| | 1:16CV1605 |
| Petitioner, | JUDGE JOHN R. ADAMS |
| v. | |
| UNITED STATES OF AMERICA, | ORDER AND JUDGMENT ENTRY |
| Respondent. | |

The instant matter is before the Court upon Petitioner Kevin Walcott's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 72. The petition is DENIED. Walcott's motion for leave to supplement the petition (Docs. 73) is GRANTED, his motion for an evidentiary hearing (Doc. 74) is DENIED, and his motion to reinstate his civil proceeding (Doc. 80) is DENIED AS MOOT.

The first issue presented is Walcotts's contention that he was sentenced under a Guideline provision that reads identically to a statutory provision ruled unconstitutional by the Supreme Court. The Supreme Court has resolved this issue:

> This Court held in *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

*Beckles v. United States*, 137 S. Ct. 886, 890 (2017). Accordingly, this Court similarly rejects Walcott's argument that the Guideline used to calculate his sentence is unconstitutionally vague.

Grounds Two, Three, and Four in Walcott's original petition contain various references to the United States Constitution. However, none of the grounds can be said to state an arguable violation of any right, nor do they contain any valid legal argument. Accordingly, those grounds are also overruled.

Through his supplement, Walcott raises numerous arguments that all hinge upon his assertion that he was not properly informed of the elements of the crimes in his indictment prior to his guilty plea. However, Walcott's change of plea hearing and indictment clearly informed him of the force element of the charges against him that Walcott disputes. Walcott's change of plea of hearing included the following:

> THE COURT: Do you acknowledge committing the robberies that are spelled out here in Counts 1 through 7 and the attempted robbery in Count 8 as it's been outlined there?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. Counsel, is that acceptable for the record, do you believe, as it relates to the factual basis?
>
> [DEFENDANT'S COUNSEL]: I believe it is, sir.

Doc. 66 at 17. In turn, Walcott's indictment reads in part: "On or about October 26, 2012, in the Northern District of Ohio, Eastern Division, the Defendant, KEVIN WALCOTT, by force, violence, and intimidation did take from the person and presence of a teller at Dollar Bank…" Doc. 12 at 1. The remaining counts in the indictment contain the same language regarding "force, violence, and intimidation." Walcott appears to argue that his conduct does not meet the definition of "force, violence, and intimidation." However, the record reflects that Walcott was fully informed of the charges against him and following a full plea colloquy with this Court informing him of his

2

rights, Walcott admitted to the force elements contained in the indictment.  As such, he has put forth no viable argument that his plea was involuntary or that his counsel was ineffective.  The arguments contained in his supplement are overruled.

For the foregoing reasons, Petitioner Kevin Walcott's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: September 28, 2017            /**s/** *John R. Adams*
                                    **JOHN R. ADAMS**
                                    **UNITED STATES DISTRICT JUDGE**